**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEAN B. St. FLEUR,

    Plaintiff,

-vs-                                                    Case No. 8:03-cv-824-T-30TGW

ARCHIE BRIGHTS, et al.,

    Defendants.
_____/

**ORDER**

    Plaintiff, an inmate in a Florida penal institution, filed a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983. The incident about which Plaintiff complains occurred at the Zephyrhills Correctional Institution on or about March 6, 2003.

    Plaintiff was granted leave to proceed *in forma pauperis* in this matter on May 2, 2003, and ordered to pay an initial filing fee of $9.50 (Dkt. 3). Because payment was not received within the allotted time, the case was dismissed on August 8, 2003, for failure to comply with a court order (Dkt. 5). Following the denial of his motion for reconsideration on September 16, 2003, (Dkt. 9) Plaintiff filed a timely notice of appeal.

    Subsequently, the Clerk received payments toward Plaintiff's filing fee of $30 on October 21, 2003 (Receipt No. T023938), and $8 on November 10, 2003 (Receipt No. T023280). Said payments were forwarded by the Florida Department of Corrections from funds on deposit in Plaintiff's inmate trust account.

    Given this development, the Court undertook a review of the case file *sua sponte*. Plaintiff was then informed that the Court was inclined to vacate the order denying the

motion for reconsideration and grant a request that this matter be reopened, but in order to accomplish this, Plaintiff would have to notify the Eleventh Circuit Court that he wished to have the case remanded to this Court. The Eleventh Circuit granted Plaintiff's request for remand on January 15, 2004 (Dkt. 16).

Plaintiff waited nearly 2 years before filing a motion to reopen this matter on November 4, 2005 (Dkt. 17). The Court granted his motion and instructed the Clerk to reopen the case on November 28, 2005 (Dkt. 18). In its order, the Court directed Plaintiff to complete and file the forms necessary for service of the complaint within 20 days thereof (Dkt. 18). The Court cautioned Plaintiff that failure to return the completed forms within the allotted time would result in the **dismissal** of this action **without further notice**.

The forms Plaintiff submitted in response to said order were not properly completed. On December 22, 2005, the Clerk returned the forms to Plaintiff at his address of record, with instructions to correct the deficiencies. The notice was apparently delivered to Plaintiff as it has not been returned to the Clerk as undeliverable. To date, Plaintiff has not submitted the forms necessary to effect service of the complaint.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court can, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute or comply with an order of the court. *See Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)*; Lopez v. Arkansas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).[1] *See also* Local Rule 3.10(a) (M.D. Fla. 2004). This power to dismiss may be exercised when necessary to achieve the orderly and expeditious disposition of cases. *Hejl v. State of*

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Texas*, 664 F.2d 1273 (5th Cir.), *cert. denied*, 456 U.S. 933, *reh. denied*, 456 U.S. 1001 (1982).

Inherent in this Court's responsibility to ensure every citizen's access to the courts is a duty to effectively and efficiently manage its limited judicial resources. There is nothing in the record indicating that an impediment exists which may have prevented Plaintiff from submitting properly completed forms. The Court can only conclude that the delays occasioned by Plaintiff's lack of diligence in pursuing relief in this matter are the result of willful conduct. Plaintiff's failure to provide the Court with properly completed documents has rendered it unable to meet its responsibility to assist *pro se* litigants proceeding *in forma pauperis* with service of process.  *See* 28 U.S.C. § 1915(d).  Under the present circumstances, the Court finds that the appropriate sanction is to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b).  No lesser sanction will suffice.

ACCORDINGLY, the Court **ORDERS** that:

1. The complaint is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

2. The Clerk shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 26, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Plaintiff

SA:jsh

-3-