**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JEAN B. St. FLEUR,

    Plaintiff,

-vs-                                              Case No.  8:03-CV-824-T-30TGW

ARCHIE BRIGHT, et al.,

    Defendants.

_____/

**ORDER**

    Plaintiff was granted leave to proceed *in forma pauperis* in this matter on May 2, 2003 (Dkt. 3).  On May 16, 2006, the U.S. Marshal was ordered to effectuate service upon the Defendants (Dkt. 24). Requests for a waiver of service were mailed to Defendants McDonough, Bright, and Hagerman on May 30, 2006.

    The waiver of service form mailed to Defendant Hagerman has been returned as undeliverable. This case was reopened on motion by Plaintiff on April 14, 2006. Pursuant to Fed.R.Civ.P. 4(m), a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint, and the plaintiff fails to show good cause why service was not made within that time. This matter is clearly subject to dismissal pursuant to the 120-day provision of Rule 4(m). Plaintiff reports that efforts to obtain a current address for Defendant Hagerman have been unsuccessful. While the Court is required to assist Plaintiff with service of process, it is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system. The claims set out in the complaint as to Defendant Hagerman will, therefore be dismissed.

To date, the documents mailed to Defendants McDonough and Bright have not been returned as undeliverable.  Despite having been cautioned in the Notice of Lawsuit and Request for Waiver of Service of Summons that failure to waive service of the summons within 30 days would require the U.S. Marshal to personally serve each of them[1] and they would be charged for the costs of service, *see* Dkt. 25, Defendants McDonough and Bright have not returned the waiver of service forms.

Accordingly, the Court **ORDERS** that:

1.   The Marshal shall personally serve Defendants McDonough and Bright and charge them for the costs of service.

2.   Defendants McDonough and Bright shall have **20 DAYS** from the date of service of process in which to answer or otherwise respond to the complaint.  Failure to respond within the allotted time may result in a default order being entered against Defendants pursuant to Fed. R. Civ. P. 55.

3.   **Defendant Hagerman** is hereby **DISMISSED** as a party in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

<u>Copy furnished to</u>:
*Pro Se* Plaintiff
United States Marshal

---

[1] *See* Prison Litigation Reform Act of 1995, Title VIII, Section 803, Suits by Prisoners.